# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Melanie Breland, | ) | |
| | ) | Civil Action No. 5:17-cv-00070-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Ricky Long and Miller Transport, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court pursuant to Plaintiff Melanie Breland's ("Plaintiff") Motion to Remand this case to the Court of Common Pleas for Orangeburg County, South Carolina. (ECF No. 8.) Defendants Ricky Long and Miller Transport, LLC[1] oppose Plaintiff's motion and ask the court to retain jurisdiction. (ECF No. 13.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 8).

## I. JURISDICTION

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff is a resident and citizen of the State of South Carolina. (ECF No. 1 at 1.) Defendant Long is a resident and citizen of the State of Illinois, and Defendant Miller Transport, LLC is organized and incorporated in the State of Mississippi and has its principal place of business in the State of Mississippi. *Id.* The amount in controversy in this matter exceeds $75,000.00 as Plaintiff alleges that she has incurred over $169,000.00 in medical expenses, suffered serious personal and

---

[1] Defendant Long was an agent/employee/servant of Defendant Miller Transport, LLC and his acts are thereby imputed to Miller Transport, LLC.

permanent injuries, lost wages, loss of enjoyment of life, and future medical expenses as a result of this motor vehicle accident. (ECF No. 1 at 2.)

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2016, Plaintiff filed a complaint for a jury trial in the Orangeburg Court of Common Pleas. (ECF No. 1-1.) This action arises out of a motor vehicle accident that occurred in Orangeburg County, South Carolina, on October 31, 2013. *Id.*

On November 4, 2016, Defendant Long was served with the Summons and Complaint via the South Carolina Department of Motor Vehicles ("SC DMV") pursuant to South Carolina's statute governing service on a non-resident motorist or motor carrier, codified in S.C. CODE ANN. §§ 15-9-350 through 15-9-380. (ECF No. 8-2.)

On January 9, 2017, Defendant Long filed a Notice of Removal to this court asserting that the court possessed jurisdiction over the matter because complete diversity of citizenship exists between the parties and the amount in controversy is met. (ECF No. 1 at 1 ¶ 2, at 2 ¶ 4.)

On February 8, 2017, Plaintiff filed a Motion to Remand asserting that removal was untimely because Defendant Long removed the case more than thirty (30) days after the Summons and Complaint were served. (ECF No. 8-1 at 2.)

On February 20, 2017, Defendant Long filed a Response in Opposition to Plaintiff's Motion to Remand, asserting that Plaintiff did not serve the documents according to the terms of the statutes, and as a result, the 30 day time period for removal began on the date Defendant Long "otherwise" received the Complaint. (ECF No. 13 at 2.) Defendant Long contends that he first obtained a copy of the Complaint from the Orangeburg Clerk of Court on December 15, 2016. *Id.* at 3. Thereafter, on December 22, 2016, Defendant Long e-mailed Plaintiff's counsel

correspondence to confirm the amount in controversy. *Id*. Having received no response from Plaintiff, Defendant Long filed his Notice of Removal on January 9, 2017. *Id*.

### III. LEGAL STANDARD

A party seeking to remove a civil lawsuit from state to federal court pursuant to 28 U.S.C. § 1446 may do so when there is diversity of citizenship between the parties. Diversity of citizenship exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states . . . ." 28 U.S.C. § 1332(a). Moreover, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 427 U.S. 365, 373 (1978) (emphasis in the original); *see also Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) ("[T]he 'complete diversity' rule clarifies that the statute authorizing diversity jurisdiction over civil actions between a citizen of a state where the suit is brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side.").

Removal is governed by 28 U.S.C. § 1446(b)(1), which provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise," of the complaint. Subsection (b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### IV. ANALYSIS

The dispute in this matter is whether removal was timely. Under the provision of Section 15-9-350 or 15-9-360 of the Code of Laws of South Carolina (1976), service of process is

permitted upon the Director of the Department of Motor Vehicles as an agent for nonresident motor vehicle drivers. As a result, Sections 15-9-370 and 15-9-380 control the manner of service. S.C. CODE ANN. §§ 15-9-370, 15-9-380. Section 15-9-370 provides that service through the DMV "shall be sufficient . . . if notice of the service and a copy of the process are forthwith sent by certified mail . . . to the defendant and the defendant's return receipt and the plaintiff's affidavit of compliance are appended to and filed with the summons and complaint." S.C. CODE ANN. § 15-9-370. Moreover, if the certified mail delivery fails, the notice and copy of the pleadings "shall be sent by open mail" and the envelope and affidavit of mailing must be filed with the clerk of court. SC CODE ANN. § 15-9-380. Such service of process has the same effect as personal service "upon the filing thereof." *Id*.

Plaintiff did not file a certified mail return receipt or an affidavit of compliance. (ECF No. 13-1, 13-2, 13-3.) Additionally, Plaintiff did not append the receipt or affidavit to the Complaint. (ECF No. 13-4.) Furthermore, Plaintiff's certified mail was returned to the SC DMV on December 29, 2016, marked "unclaimed."[2] (ECF No. 13-5.) As a result, Plaintiff was required to proceed pursuant to Section 15-9-380 by mailing the notice, summons, and complaint by open mail and by filing the envelope and an affidavit of mailing with the court. S.C. CODE ANN. § 15-9-380. However, Plaintiff did not file an open mail envelope or an affidavit of mailing with the clerk of court. (ECF No. 13-1, 13-2.) Because service is not accomplished until the filing of the envelope and affidavit, Plaintiff did not accomplish service pursuant to §§ 15-9-370 and 15-9-380. S.C. CODE ANN. §§ 15-9-370, 15-9-380.

---

[2] The address Plaintiff provided the SC DMV on October 28, 2016, was Defendant Long's former Tamorao, IL address (ECF No. 13-7.) Defendant Long has not lived at this address since September 2015, more than a year prior to Plaintiff's letter to the DMV.

Because Plaintiff did not serve Defendant Long with the Complaint as required by §15-9-370, the time for removal does not begin running until Defendant Long "otherwise" received a copy of the Complaint. *See* 28 U.S.C. § 1446(b)(1). Defendant Long first obtained a copy of the Complaint from the Orangeburg Clerk of Court on December 15, 2016. (ECF No. 13 at 3.) Thereafter, Defendant Long filed his Notice of Removal on January 9, 2017, less than 30 days after Defendant Long obtained a copy of the Complaint, making removal timely. (ECF No. 1.)

Defendant Long also asserts that even in the absence of § 1446 (b)(1), his removal was timely under subsection (b)(3) because the Complaint was not removable absent an amount in controversy exceeding $75,000. (ECF No. 13 at 4.) Plaintiff's Complaint does not specify an amount in controversy and so Defendant Long sent Plaintiff the December 22, 2016 correspondence seeking to determine the amount. *Id*. Plaintiff failed to respond and Defendant Long filed the Notice for Removal on January 9, 2017, less than 30 days after mailing his request to Plaintiff to determine the amount in controversy. *Id*. As a result, Defendant Long contends he timely filed the Notice of Removal within 30 days of the date the suit became removable. *Id*.

Plaintiff asserts that a pre-suit demand letter, sent more than two years prior to the date Plaintiff filed the Complaint, indicated that the amount in controversy exceeded the jurisdictional amount. (ECF No. 8-3.) As a result, Plaintiff claims Defendant Long was aware that Plaintiff was seeking more than $75,000 and failed to timely remove the case. (ECF No. 8-1 at 2.)

However, the court does not feel it is necessary to fully address this secondary argument by Defendant Long. As discussed above, the court finds the time for removal did not begin running until Defendant Long first obtained a copy of the Complaint from the Orangeburg Clerk of Court on December 15, 2016, because Plaintiff did not adhere to the statutory requirements for service

5

of process. Therefore, the court concludes that Defendant Long's removal of this case to this court was timely.

## V. CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand (ECF No. 8) is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 7, 2017
Columbia, South Carolina