## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | | |
|---|---|---|
| Melanie Breland, | ) | |
| | ) | Civil Action No. 5:17-cv-00070-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ricky Long and Miller Transport, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court pursuant to Plaintiff Melanie Breland's ("Plaintiff") Motion to Strike and Motion for Default Judgment. (ECF No. 9.) Defendants Ricky Long and Miller Transport, LLC[1] oppose Plaintiff's motion and request the court to deny the Motion to Strike and the Motion for Default Judgment. (ECF No. 14.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Strike and Motion for Default Judgment (ECF No. 9).

### I. JURISDICTION

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff is a resident and citizen of the State of South Carolina. (ECF No. 1 at 1.) Defendant Long is a resident and citizen of the State of Illinois, and Defendant Miller Transport, LLC is organized and incorporated in the State of Mississippi and has its principal place of business in the State of Mississippi. *Id.* The amount in controversy in this matter exceeds $75,000.00 as Plaintiff alleges that she has incurred over $169,000.00 in medical expenses, suffered serious personal and

---

[1] Defendant Long was an agent/employee/servant of Defendant Miller Transport, LLC and his acts are thereby imputed to Miller Transport, LLC.

permanent injuries, lost wages, loss of enjoyment of life, and future medical expenses as a result of this motor vehicle accident. (ECF No. 1 at 2.)

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2016, Plaintiff filed a complaint for a jury trial in the Orangeburg Court of Common Pleas. (ECF No. 1-1.) This action arises out of a motor vehicle accident that occurred in Orangeburg County, South Carolina, on October 31, 2013. *Id.*

On November 4, 2016, Defendant Long was served with the Summons and Complaint via the South Carolina Department of Motor Vehicles pursuant to South Carolina's statute governing service on a non-resident motorist or motor carrier, codified in S.C. CODE ANN. §§ 15-9-350 through 15-9-380. (ECF No. 8-2.) Defendant Long asserts that Plaintiff did not serve the documents according to the terms of the statutes, and as a result, service was not effected until the date Defendant Long "otherwise" received the complaint. (ECF No. 13 at 2.) The court found that service was not effected until Defendant Long first obtained a copy of the Complaint from the Orangeburg Clerk of Court on December 15, 2016, because Plaintiff did not adhere to the statutory requirements for service of process. (ECF No. 33.)

On December 16, 2016, Defendant Long filed an Answer in state court. (ECF No. 14-7.) On January 9, 2017, Defendant Long filed an amended Answer in this court. (ECF No. 2.) On February 8, 2017, Plaintiff filed a Motion to Strike and a Motion for Default Judgment, asserting Defendant Long failed to timely answer within thirty (30) days as required by the South Carolina Rules of Civil Procedure. S.C. R. Civ. P. 12(a); ECF No. 9.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a district court, on motion of a party, to "strike from a pleading an insufficient defense." Rule 12(f) motions are generally viewed with

disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

Rule 55(a) of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails "to plead or otherwise defend" in accordance with the Rules. Although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom. *See U.S. v. Moradi,* 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(c), 60(b).

## IV. ANALYSIS

The dispute in this matter is whether Defendant Long's Answer was timely. Under Rule 12(a) of the South Carolina Rules of Civil Procedure, a defendant must serve his answer within 30 days after the service of the complaint upon him. Plaintiff incorrectly asserts that Defendant Long's Answer was not filed until January 9, 2017. (ECF No. 9-1.) The document filed on January 9, 2017, was Defendant Long's amended Answer. Defendant Long's original Answer was filed in state court on December 16, 2016 (ECF No. 14-7), less than 30 days after he was served with the Complaint. Having reviewed the record, the court does not find any basis to grant Plaintiff's Motion for Default Judgment.

Additionally, Plaintiff's Motion to Strike is untimely. Rule 12(f)(2) of the Federal Rules of Civil Procedure governs motions to strike and provides that a court may strike a response on a motion made "within 21 days" after the moving party is served with the pleading. Defendant Long served his initial Answer on December 16, 2016 (ECF No. 14-7), and an amended Answer on January 9, 2017 (ECF No. 2). Thus, the deadline to file a motion to strike Defendant Long's

3

original Answer was January 6, 2017, and the deadline for a motion to strike the amended Answer was January 31, 2017. However, Plaintiff did not file her Motion to Strike until February 8, 2017. (ECF No. 9.) As a result, Plaintiff's Motion to Strike is untimely as to both Defendant's original Answer and the amended Answer.

## V.  CONCLUSION

Based on the foregoing, Plaintiff's Motion to Strike and Motion for Default Judgment (ECF No. 9) is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 8, 2017
Columbia, South Carolina